UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA COLLINS, individually
and on behalf of all others similarly
situated,

     Plaintiff,

v.

                              CASE NO. 8:26-cv-00044-SDM-AAS

ECKERD YOUTH ALTERNATIVES,

     Defendant

_____/

## ORDER

Christina Collins, the putative representative of a class, sues (Doc. 20) Eckerd Youth Alternatives and alleges negligence, negligence per se, breach of implied contract, unjust enrichment, and breach of confidence. The defendant moves to dismiss (Doc. 29), and the plaintiff responds (Doc. 31).

## BACKGROUND

The defendant "is a national non-profit dedicated to . . . workforce development, child and family services, and Job Corps education and training." (Doc. 20 n.2 at 2) On November 11, 2024, the defendant discovered that, between November 3 and November 11, 2024, an unauthorized third party had accessed the defendant's data. (Doc. 20 ¶¶ 2, 5–6) On November 17, 2025, the defendant determined that the breach potentially compromised clients'

personal information — first and last names, addresses, dates of birth, Social Security numbers, driver's license numbers, tax-identification numbers, and medical information.[1] (Doc. 20 ¶¶ 6–7 and n. 3 at 2) On December 17, 2025 — 401 days after detecting the breach and thirty days after determining that the breach compromised clients' information — the defendant filed a "Data Breach Notice" with the Maine Attorney General, notified the affected persons, and offered "complimentary credit monitoring services through Experian IdentityWorks . . . for 12 months as a precaution." (Doc. 20 ¶ 8; Doc. 20-1)

On December 29, 2025, Collins, who had provided personal information to the defendant, discovered four unauthorized transactions totaling $114 on a bank statement and, shortly thereafter, an attempted $500 charge on another account (Doc. 20 ¶¶ 136, 138). That same month, the IRS mailed Collins a past-due invoice for $4,000 in taxes on property falsely titled in Collins' name and suspended Collins' Social Security payments, deducting $200 from a check otherwise due in full. (Doc. 20 ¶¶ 139, 141–142) In February 2026, Collins learned that an unknown person had applied for a $20,000 loan in Collins' name. (Doc. 20 ¶ 143)

---

[1] *Data Breach Notices*, OFFICE OF THE MAINE ATTORNEY GENERAL, Eckerd Youth Alternatives (https://www.maine.gov/agviewer/content/ag/985235c7-cb95-4be2-8792-a1252b4f8318/3feda70c-fe80-491e-accf-4857d5d95918.html).

## DISCUSSION

### Negligence, Negligence *Per Se,* and Breach of Implied Contract

For one or more reasons stated in the complaint and in the plaintiff's response to the motion to dismiss, the plaintiff states a claim for negligence and for breach of implied contract.[2] For one or more reasons stated in the motion to dismiss and as conceded in the response, the plaintiff fails to state a claim for negligence *per se.* (Doc. 31 at 13)

### Unjust Enrichment

Under Florida law, "a claim for unjust enrichment requires that: (1) the plaintiff has conferred a benefit on the defendant; (2) the defendant has knowledge of the benefit; (3) the defendant has accepted or retained the benefit conferred; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying fair value for it." *In re Brinker Data Incident Litig.*, 2020 WL 691848, at \*10 (M.D. Fla. Jan. 27, 2020) (citing *Della Ratta v. Della Ratta*, 927 So. 2d 1055, 1059 (Fla. 4th DCA 2006)).

The plaintiff alleges that the class members "conferred a benefit upon Defendant by providing Defendant with their Private Information," that the class members "understood that part of the benefit Defendant derived from the Private Information would be applied to data security efforts," and that some of

---

[2] As to the claims of negligence and breach of implied contract, the defendant disputes the element of causation only, which the complaint plausibly alleges.

- 3 -

the "payments" the class members "made to Defendant would be applied to the costs of maintaining adequate security measures." (Doc. 20 ¶¶ 201–202) The plaintiff identifies no authority holding the routine provision of personal information to confer a benefit. And the unjust-enrichment count contains the complaint's only allegation that the class members paid the defendant — a "national non-profit." To the extent the alleged "payments" consist of money, such an "unadorned conclusory allegation" cannot survive a motion to dismiss. *Allgood v. PaperlessPay Corp.*, 2022 WL 846070, at *10 (M.D. Fla. Mar. 22, 2022) (citing *Vibo Corp. v. US Flue-Cured Tobacco Growers, Inc.*, 762 F. Appx. 703, 705–06 (11th Cir. 2019)).

## Breach of Confidence

Breach of confidence is "the unconsented, unprivileged disclosure to a third party of nonpublic information that the defendant has learned within a confidential relationship*." Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 931–32 (11th Cir. 2020) (en banc) (citing Alan B. Vickery, "Breach of Confidence: An Emerging Tort," 82 *Colum. L. Rev.* 1426, 1455 (1982)). *Black's Law Dictionary* defines "disclosure" as "[t]he act or process of making known something that was previously unknown[.]" Disclosure, *Black's Law Dictionary* (11th ed. 2019); *see also Allgood*, 2022 WL 846070, at *12 (adopting the *Black's Law* definition of "disclosure" in a breach-of-confidence claim).

As in *Allgood*, the plaintiff offers "no allegations suggesting that [the defendant] did any act to disclose or make known" the personal information; rather,

- 4 -

that information "was allegedly stolen by an unauthorized third-party." Because the complaint alleges no disclosure by the defendant, the breach-of-confidence claim fails. *Allgood*, 2022 WL 846070, at \*12; *see also In re Brinker*, 2020 WL 691848, at \*22 ("Even assuming, arguendo, that [the defendant's] inadequate security facilitated the theft, such a claim would lie in negligence not breach of confidence.").

**CONCLUSION**

The motion to dismiss is **GRANTED-IN-PART AND DENIED-IN-PART**. The claims for negligence *per se*, unjust enrichment, and breach of confidence are **DISMISSED WITHOUT PREJUDICE**. No later than **JULY 30, 2026**, the plaintiff must amend the complaint.

**ORDERED** in Tampa, Florida, on July 9, 2026.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE